JAMES G. KREISSMAN (State Bar No. 206740)
jkreissman@stblaw.com
STEPHEN P. BLAKE (State Bar No. 260069)
sblake@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5080
Facsimile: (650) 251-5002

CHET A. KRONENBERG (State Bar No. 222335)
ckronenberg@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

*Attorneys for Defendants Velocity Financial, Inc.,*
*Christopher D. Farrar, Mark R. Szczepaniak,*
*Christopher J. Oltmann, Alan H. Mantel, Ian K.*
*Snow, John A. Pless, Brandon Kiss, Ogden Phipps,*
*Daniel J. Ballen, John P. Pitstick, Joy L. Schaefer,*
*Snow Phipps Group, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| EDWARD A. BERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VELOCITY FINANCIAL, INC., CHRISTOPHER D. FARRAR, MARK R. SZCZEPANIAK, CHRISTOPHER J. OLTMANN, ALAN H. MANTEL, IAN K. SNOW, JOHN A. PLESS, BRANDON KISS, OGDEN PHIPPS, DANIEL J. BALLEN, JOHN P. PITSTICK, JOY L. SCHAEFER, SNOW PHIPPS GROUP, LLC, WELLS FARGO SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., JMP SECURITIES, LLC and RAYMOND JAMES & ASSOCIATES, INC.,<br><br>Defendants. | Case No. 2:20-cv-06780 RGK (PLAx)<br><br>**DECLARATION OF STEPHEN BLAKE IN SUPPORT OF THE JOINT STIPULATION REGARDING THE FILING OF AN AMENDED COMPLAINT AND RESPONSE THERETO**<br><br>Judge: Hon. R. Gary Klausner |

I, Stephen Blake, declare as follows:

1.     I am a partner at the law firm Simpson Thacher & Bartlett LLP ("Simpson Thacher") and counsel for Defendants Velocity Financial, Inc., Christopher D. Farrar, Mark R. Szczepaniak, Christopher J. Oltmann, Alan H. Mantel, Ian K. Snow, John A. Pless, Brandon Kiss, Ogden Phipps, Daniel J. Ballen, John P. Pitstick, Joy L. Schaefer, and Snow Phipps Group, LLC (collectively, the "Velocity Defendants").

2.     I have personal knowledge of the matter stated herein and, if called upon to do so, I could and would competently testify thereto.

3.     This putative securities class action is subject to a statutory process prescribed by the Private Securities Litigation Reform Act of 1995, 5 U.S. Code § 77z–1(a)(3)(A) (the "PSLRA"), which provides that plaintiffs alleging class action claims under the Securities Act of 1933, 15 U.S. Code § 77 et. seq., are required to publish a notice advising members of the purported plaintiff class of the pendency of the action, and further provides that any member of the purported class may move the court to serve as lead plaintiff of the purported class within sixty (60) days after the notice is published (5 U.S. Code § 77z–1(a)(3)(A)).

4.     The deadline set by the PSLRA for motions to appoint a PSLRA lead plaintiff is September 28, 2020, based upon Plaintiff's publication of the PSLRA-mandated notice on July 29, 2020, found at: https://www.businesswire.com/news/home/ 20200729005998/en/Robbins-Geller-Rudman-Dowd-LLP-Files-Class.

5.     Both prior to and subsequent to the filing date of this action, numerous law firms have disseminated press releases inviting shareholders who allegedly suffered losses to contact them regarding the lawsuit in advance of the September 28 deadline.  For example, in the period from August 31, 2020 through September 9, 2020, the following 15 law firms have disseminated such press releases:

Declaration of Stephen Blake ISO Joint Stipulation
1

a.  Bernstein Leibhard LLP (https://www.globenewswire.com/news-release/2020/09/01/2087121/0/en/VEL-SHAREHOLDER-DEADLINE-Bernstein-Liebhard-LLP-Reminds-Investors-of-the-Deadline-to-File-a-Lead-Plaintiff-Motion-in-a-Securities-Class-Action-Lawsuit-Against-Velocity-Financial-In.html);

b.  Block & Leviton LLP (https://www.globenewswire.com/news-release/2020/09/02/2087640/0/en/SHAREHOLDER-DEADLINES-APPROACHING-for-JCOM-VEL-and-OSPN-Block-Leviton-LLP-Reminds-Investors-of-Class-Actions-for-Violations-of-the-Federal-Securities-Laws.html);

c.  Bronstein, Gewirtz & Grossman, LLC (https://finance.yahoo.com/news/vel-investor-alert-bronstein-gewirtz-150000940.html);

d.  Bragar Eagel & Squire, P.C. (https://www.bakersfield.com/ap/news/bragar-eagel-squire-p-c-reminds-investors-that-class-action-lawsuits-have-been-filed-against/article_c500a949-d148-5994-b2f4-72ebab54ef80.html);

e.  Glancy Prongay & Murray LLP (https://www.marketwatch.com/press-release/glancy-prongay-murray-reminds-investors-of-looming-deadline-in-the-class-action-lawsuit-against-vaxart-inc-vxrt-2020-09-02?mod=mw_quote_news&tesla=y);

f.  The Gross Law Firm (https://news.yahoo.com/gross-law-firm-announces-class-180000427.html);

g.  Jakubowitz Law (https://finance.yahoo.com/news/lawsuits-filed-against-jcom-vel-154500461.html);

h.  The Klein Law Firm (https://finance.yahoo.com/news/klein-law-firm-reminds-investors-143000187.html);

Declaration of Stephen Blake ISO Joint Stipulation
2

i.  Law Offices of Frank R. Cruz (https://finance.yahoo.com/news/deadline-alert-fe-intc-uco-150000638.html);

j.  Law Offices of Howard G. Smith (https://finance.yahoo.com/news/deadline-alert-uco-vel-eadsf-150000436.html);

k.  Law Offices of Vincent Wong (https://finance.yahoo.com/news/shareholder-alert-nsp-gwre-vel-153000536.html);

l.  Levi & Korsinsky, LLC (https://finance.yahoo.com/news/class-action-wins-fe-vel-201500632.html);

m.  Pomerantz LLP (https://www.marketwatch.com/press-release/shareholder-alert-pomerantz-law-firm-investigates-claims-on-behalf-of-investors-of-velocity-financial-inc---vel-2020-09-06?mod=mw_more_headlines&tesla=y);

n.  The Rosen Law Firm (https://finance.yahoo.com/news/vel-equity-alert-rosen-ranked-180000853.html); and

o.  The Schall Law Firm (https://finance.yahoo.com/news/september-deadline-alert-schall-law-193500125.html).

6.  Based upon my experience litigating putative securities class action lawsuits over the past decade, I believe it is reasonably likely that at least one other party will seek PSLRA lead plaintiff appointment on September 28, and that the lead plaintiff appointed by the Court will wish to file a new complaint following its appointment.  Accordingly, I concluded that there was a meaningful possibility that a motion to dismiss the current complaint in this action would be mooted by the appointment of a different party as lead plaintiff and/or the filing of a different complaint.  I therefore also concluded that an extension of Defendants' time to

respond to the current complaint until after such time as the lead plaintiff process is completed and a lead plaintiff is selected would conserve both party and judicial resources.

7.     Based on these assumptions, I contacted Plaintiff's counsel, Mr. Brian Cochran and Ms. Debra Wyamn of Robbins Geller Rudman & Dowd LLP, and counsel for the Underwriter Defendants, Ms. Dana Seshens of Davis Polk & Wardwell LLP, to meet and confer about a stipulation providing for an extension of Defendants' September 21, 2020 date for responding to the current complaint and further providing for a procedure for the filing of an amended complaint and Defendants' response thereto, in a manner consistent with both the dictates of the PSLRA and in accordance with the deadlines and processes set forth in the Federal Rules of Civil Procedure ("FRCP"), the local rules of this District and this Court's Standing Order Regarding Newly Assigned Cases (Dkt. No. 11).

8.     In connection with our meet and confer, Plaintiff's counsel confirmed that Plaintiff intends to amend the complaint should it be appointed PSLRA lead plaintiff.  Therefore, regardless of whether the Court appoints Plaintiff or another party as lead plaintiff in this matter, the current complaint will be rendered moot by the appointment of a lead plaintiff.  Based on this information, counsel for all Parties agreed that an extension of Defendants' time to respond to the current complaint will avoid unnecessary motion practice and thus conserve both party and judicial resources.

9.     The Parties therefore agreed, subject to the Court's approval, as follows:

a.     Defendants shall not be required to respond to the current complaint;

b.     The party appointed by the Court as PSLRA lead plaintiff in this action shall file an amended complaint or designate an operative complaint within

twenty-one (21) days of being appointed, which timing is consistent with the time to amend as a matter of course under FRCP 15(a)(1);

c.      In the event that Plaintiff is appointed PSLRA lead plaintiff, Defendants shall answer, move against, or otherwise respond to the amended complaint within fourteen (14) days after it is filed, which timing is consistent with the time to respond after an amendment under FRCP 15(a)(3); and

d.      In the event that a party other than Plaintiff is appointed PSLRA lead plaintiff, Defendants shall answer, move against, or otherwise respond to the amended complaint within twenty-one (21) days after it is filed, which is consistent with the time to respond to a new pleading under FRCP 12(a)(1)(A)(i).[1]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on September 9, 2020 in Napa, California.

By */s/ Stephen P. Blake /*
Stephen Blake

---

[1] Defendants submit, and the other Parties agree, that the filing of a consolidated, amended complaint by a party other than the current Plaintiff is effectively the filing of a new action, and thus the timing to respond to such a complaint should be governed by FRCP 12(a)(1)(A)(i) rather than FRCP 15(a)(3).